## 9932. LIVINGSTON v. RANEY et al.

The evidence shows that the contract in question, entered into by James M. Raney in behalf of Raney Brothers as a partnership, was a gambling contract, for the future delivery of cotton; and that Raney Brothers were not a partnership for the purpose of entering into such contracts. The court did not err in directing a verdict in favor of the plea of nul tiel partnership, or in directing a verdict for the defendant James M. Raney.

DECIDED JANUARY 15, 1919.

Action on contract; from city court of Atlanta—Judge Reid. May 6, 1918.

J. T. Hill, F. A. Hooper, for plaintiff.

Eldridge Cutts, Little, Powell, Smith & Goldstein, for defendants.

LUKE, J. Livingston sued Raney Brothers, alleging that the firm was composed of James M. Raney, Benjamin Raney, and Daniel Raney, who were at the time engaged in the general mercantile business; that James M. Raney, in behalf of Raney Brothers, entered into a contract on May 18, 1909, whereby it was agreed that they should deliver, before October 30, 1909, one hundred bales of cotton at a price of ten and one quarter cents per pound. The contract recites that the said number of bales represents the crop, or a part of the crop, of Raney Brothers for the year 1909. Raney Brothers filed a plea of nul tiel partnership, and, subject to that plea, pleaded also that the contract was a gambling contract. The evidence clearly shows that Raney Brothers, as a partnership for the purpose of entering into such contracts, never existed, and the evidence further shows clearly that there had never been any partnership organized for the operation of farms, or the selling of cotton from farms; and the evidence further clearly shows that they did not as partners own farms or conduct farming operations. The evidence further shows that the agent of Livingston, the person who in behalf of Livingston signed the contract, knew, at the time that he executed the contract, that James M. Raney was undertaking to sell cotton that he was buying from farmers, and executed the contract sued on, for the future delivery of cotton. The evidence further shows that so far as Livingston and James M. Raney were concerned, it was a gambling contract, for the future delivery of cotton, especially in view of the fact that all of the evidence shows that Raney Brothers owned no farms jointly,

and were raising no cotton. The court did not err in directing a verdict in favor of the defendant's plea of nul tiel partnership, and did not err in directing a verdict for the defendant James M. Raney. See *Russell* v. *Camp,* 9 *Ga. App.* 691 (72 S. E. 60).

Judgment affirmed. *Wade, C. J., and Jenkins, J., concur.*